IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| IN RE:<br><br>WILLIAM LEO POWERS and<br>BONNIE LYNN POWERS<br>Debtor(s). | Chapter 7 Bankruptcy<br>Case No. 19-00965<br><br>**APPLICATION FOR APPROVAL OF EMPLOYMENT OF ATTORNEY OR ACCOUNTANT: RECOMMENDATION AND ORDER** |
|---|---|

1. Applicant is the trustee in this case.

2. Applicant believes that the employment of an Attorney is necessary to represent or assist in any legal matters as they pertain to the bankruptcy estate's claim to certain will and probate proceeding and prosecute an undue influence or similar recovery and any other legal matters that may arise.

3. Eric W. Lam and the firm of Simmons Perrine Moyer Bergman PLC are qualified by reason of practice and experience to render such representation or assistance.

4. The fees for services rendered by Eric W. Lam and the firm of Simmons Perrine Moyer Bergman PLC in the performance of duties on behalf of the estate will be per the attached contingency agreement.

5. The applicant has disclosed to the undersigned that they have the following connections with the debtor(s), creditors, or any other parties-in-interest:

> None except Applicant's firm in other unrelated matters has been adverse to and/or represented Target, Synchrony Bank, H & R Accounts, Best Buy and Dupaco Credit Union, who are creditors and parties in interest in this case, but are not the primary targets of the Trustee's pursuit. Applicant therefore believes he is qualified.

1

WHEREFORE, applicant prays that the Court approve the employment of Eric W. Lam, and the firm of Simmons Perrine Moyer Bergman PLC for the purposes described herein, subject to the approval of any compensation and expenses by the court in accordance with 11 U.S.C. §328(a).

Dated: __12/12/19__

/s/ Sheryl L. Schnittjer
SHERYL L. SCHNITTJER
CHAPTER 7 TRUSTEE
24695 207th Ave.
Delhi, IA 52223

RULE 2104(a) VERIFICATION

I, Eric W. Lam, of Simmons Perrine Moyer Bergman PLC, named in the foregoing Report, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge and belief.

Dated: __12/16/19__

/s/ Eric W. Lam
Eric W. Lam
SIMMONS PERRINE MOYER
BERGMAN PLC
115 Third St. SE, Ste. 1200
Cedar Rapids, IA 52401

RECOMMENDATION OF THE UNITED STATES TRUSTEE

Based on the Application made by the trustee, I recommend that the professional employment applied for by the trustee be approved for the purpose indicated in the application.

Dated: 12/18/19

United States Trustee, Region 12

By: /s/ Janet G. Reasoner
ID #76543

## ORDER

Upon the foregoing Application and Recommendation and for cause shown, and pursuant to the provisions of Title 11, United States Code, §327, it is

ORDERED, the professional employment applied for is hereby APPROVED subject to the limitations provided for by Title 11, United States Code, §328.

Dated and Entered_____December 18, 2019_____.

_____
UNITED STATES BANKRUPTCY JUDGE

# ATTORNEY CONTINGENT FEE AGREEMENT

This agreement is between Sheryl Schnittjer, in her sole capacity as Trustee administering the Chapter 7 case of *In re Powers*, now pending in the United States Bankruptcy Court for the Northern District of Iowa #19 965 (hereinafter referred to as Client) and Simmons Perrine Moyer Bergman PLC, Cedar Rapids, Iowa (hereinafter referred to as Attorneys).

WHEREAS, the Client desires Attorneys assist and counsel and represent and prosecute on behalf of her and the estate's claim to certain will and probate proceeding and prosecute an undue influence or similar theory of recovery.

IT IS UNDERSTOOD that Client agrees to employ Attorneys on a <u>contingency fee</u> agreement computed as follows: Attorneys shall retain 40 percent of the gross recovery collected after settlement or trial before the Bankruptcy Court. Gross recovery is the entire amount of money, property, or securities and interest collected for the undersigned Client.

IT IS FURTHER UNDERSTOOD that although the Attorneys' <u>fee</u> is contingent upon the successful recovery of money, and then in accordance with the schedule set forth above, the Client agrees to pay all <u>expenses</u> regardless of whether any money is successfully recovered, but only to the extent the expenses are allowed by Order from the United States Bankruptcy Court N.D. Iowa after notice and hearing, and only if there is fund in the Estate to pay such expenses. Expenses are disbursements for those items or services which are necessary for the successful preparation and prosecution of the claim. They include but are not necessarily limited to the following: deposition transcription costs, investigator fees, consultation with experts (medical and otherwise), filing fees, service-of-process fees, computer assisted legal research, travel expenses outside the city of Cedar Rapids, and photocopy fees. If the Client is unable to either advance such expenses or pay them upon receipt of an itemized statement, Attorneys shall be reimbursed for such expenses from any sums recovered after deduction of the fees set forth above. In any event, the Bankruptcy Estate remains liable for all such expenses regardless of the outcome of the case, but only to the extent the expenses are allowed by Order from the United States Bankruptcy Court N.D. Iowa after notice and hearing, and only if there is fund in the Estate to pay such expenses. The intent of this provision is to comply with the Iowa Rules of Professional Conduct as well as the American Bar Association Canons of Professional Responsibility and Judicial Ethics.

Attorneys agree to accept such employment and render Client such legal services as shall be necessary to secure a settlement of the claim referred to above, or in the event that such claim cannot be settled on a reasonably fair basis, then to devote their best efforts to the trial of such actions as may be reasonably necessary.

Simmons Perrine Moyer Bergman PLC and its attorneys reserve the right to withdraw as attorney at any time for any of the following reasons:

1

A. The Client's failure to abide by this agreement;
B. The Client's involvement in conduct or behavior that is illegal or would cause the attorney to violate the disciplinary rules or ethical principles of his or her profession;
C. The development of an irreconcilable impasse or disagreement regarding the proper strategy or procedure to employ in this litigation between the lawyer and undersigned client;
D. For any valid reason otherwise allowed or required by the applicable Iowa Rules of Professional Conduct.

In such event, Simmons Perrine Moyer Bergman PLC shall give the Client notice and a reasonable opportunity to secure other counsel before said attorney's withdrawal. If representation is terminated by Client or by the Attorneys for any reason, the Attorneys shall be entitled to be compensated for the reasonable value of service provided to date, but only in the event the Client is ultimately successful on the claim, and only pursuant and subject to notice and hearing and eventual approval by the United States Bankruptcy Court N.D. Iowa.

The undersigned may discharge Simmons Perrine Moyer Bergman PLC or its attorney at any time prior to trial, but shall be obligated to pay the reasonable value of Attorneys' services to the date of discharge, which shall take into account the value of settlement offers or trial result received, if any, and only pursuant and subject to notice and hearing and eventual approval by the United States Bankruptcy Court N.D. Iowa.

Dated as of the 12th day of December 2019.

*Sheryl L Schnittjer*
Sheryl Schnittjer, in her sole
Capacity as Chapter 7 Trustee

SIMMONS PERRINE MOYER BERGMAN PLC

By: /s/ E Lam
Eric W. Lam

EWL.pend.SSTE.Powers.contingentfee.121219.0943.ewl

2